### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re : | : | **Chapter 7** |
| **SCOTT L. MIELENTZ** | : | |
| Debtor. | : | Case No. 16-14111-amc |
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| v. | : | Adversary No. 16-376-amc |
| **SCOTT L. MIELENTZ** | | |
| Defendant. | : | |

### DEFENDANT'S MOTION FOR SANCTIONS

Defendant, Scott L Mielentz, hereby files this motion for sanctions requesting dismissal of Plaintiff's claim due to spoliation of evidence and in support thereof states as follows:

1. Plaintiff filed a one count dischargeability Complaint against Mr. Mielentz alleging that he committed fraud by not informing the Social Security Administration of earnings when he received disability benefits for the period June 2014 through September, 2015.

2. Plaintiff's Pre Trial Disclosure advises that Plaintiff seeks to admit into evidence Defendant's two subsequent Applications for Benefits, one from August 2016 and the second from March, 2017 for the purposes of proving a pattern of fraud.

3. Defendant has alleged that he contacted Social Security through its 800 number at least twice to notify the agency of his return to work. Defendant has provided phone records to Plaintiff evidencing a phone call to the 800 number used by Social Security for claims in October 2014 and December 2016.

4. In response to Defendant's request for copies of all records of these phone calls, including audio recordings of them, Plaintiff has been unable to produce any records.

5. Plaintiff, through its employee, Eugene Shirley, has indicated that all phone calls to Social Security's 800 number are recorded. According to Mr. Shirley this policy has been in place since August 2016.

6. Plaintiff's own retention policy requires telephone records to be kept for one year.

7. Despite Plaintiff's own retention policy and the ongoing litigation regarding Defendant's social security claim, the Complaint for which was filed in October 2016, Plaintiff has indicated that the recording of the phone call made on December 6, 2016 has been destroyed.

8. Plaintiff had a duty to preserve all evidence related to the claims at issue in the instant case, including all correspondence and phone contacts between Defendant and Plaintiff.

9. Defendant hereby submits this motion for sanctions requesting that the Court dismiss Plaintiff's claim for non-dischargeability against Defendant due to Plaintiff's spoliation of evidence critical to the Defendant's defense in this matter.

10. In support of this motion, Mr. Mielentz submits and relies upon the accompanying Memorandum of Law as if fully set forth herein at length.

**WATERMAN & MAYER, LLP.**

BY: */s/ Patricia M. Mayer*
PATRICIA M. MAYER, ESQUIRE
Attorney for Defendant
Dated: October 18, 2017        301 Oxford Valley Road, Suite 203B
Yardley, PA 19067
(215) 493-4300 Phone
(215) 493-4304 Fax